Bradby v Structure Tone, LLC (2023 NY Slip Op 06212)

Bradby v Structure Tone, LLC

2023 NY Slip Op 06212

Decided on December 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2023

Before: Kern, J.P., Gesmer, Moulton, Kennedy, Higgitt, JJ. 

Index No. 159950/18 Appeal No. 1151 Case No. 2023-03497 

[*1]Douglas Bradby, Plaintiff-Respondent,
v
Structure Tone, LLC, Defendant-Appellant, Structure Tone, Inc., et al., Defendants. (And Other Third-Party Actions.)

Vigorito, Barker, Patterson, Nichols & Porter, LLP, New York (Bhalinder L. Rikhye of counsel), for appellant.
Queller, Fisher, Washor, Fuchs & Kool and the Law Office of William A. Gallina, LLP, New York (Matthew J. Maiorana of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered June 22, 2023, which granted plaintiff's motion for leave to reargue that branch of defendant Structure Tone, LLC's (defendant) motion for summary judgment dismissing the complaint, and, upon reargument, denied that branch of defendant's motion, unanimously affirmed, without costs.
This personal injury action stems from plaintiff being electrocuted while installing an under-cabinet lighting fixture at a construction project in New Jersey. Defendant was the general contractor for the project. Under New Jersey law, defendant owed plaintiff "a duty to exercise ordinary care to render reasonably safe the areas in which [it] might [have] reasonably expect[ed] [plaintiff] to be working" (Sanna v Natl. Sponge Co. , 209 NJ Super 60, 66 [App Div 1986]; see Pfenninger v Hunterdon Cent. Regional High Sch. , 338 NJ Super 572, 583 [App Div 1999], mod 167 NJ 230 [2001]). Imposing a duty under such circumstances is consistent with the "more modern approach to the traditional common law rule" followed by New Jersey courts (Tarabokia v Structure Tone , 429 NJ Super 103, 113 [App Div 2012], cert denied 213 NJ 534 [2013]; see Alloway v Bradlees, Inc. , 157 NJ 221, 233 [1999]; see also Carvalho v Toll Bros. & Devs. , 143 NJ 565, 572-573 [1996]). Contrary to defendant's contention, plaintiff does not seek in this case to hold defendant vicariously liable for the negligence of an independent contractor; rather, he seeks to hold defendant liable for what he alleges to be defendant's own active negligence. Accordingly, the general rule under New Jersey law that a party may not be held liable for an independent contractor's negligence in the performance of the contract absent three specified exceptions, articulated in Majestic Realty Assoc., Inc. v Toti Contr. Co. (30 NJ 425, 430-431 [1959]), is inapplicable to this case. Nor did Tarabokia graft onto Majestic a fourth exception to that general rule; rather, insofar as defendant relies upon it, Tarabokia restated well-settled "'general negligence principles'" under New Jersey law (429 NJ Super at 112, quoting Alloway , 157 NJ at 230).
Given the existence of this duty running from defendant to plaintiff, Supreme Court properly identified issues of fact as to whether defendant had constructive notice of the dangerous condition on the premises that caused plaintiff's injury. Among other things, the parties dispute the nature of defendant's role on the project (plaintiff claims that defendant actively and actually exercised control over the work, while defendant urges that it had nothing more than general supervisory control over the worksite); the length of time for which the electrical panel box at issue had been installed and uncovered; and whether the box being uncovered and accessible to other trades violated defendant's site specific safety plan. Plaintiff also urges that the box being uncovered violated Occupational Health and Safety Administration (OSHA) [*2]regulations, which, although not dispositive of defendant's negligence under New Jersey law, may be some evidence of its negligence (see e.g. Alloway , 157 NJ at 236; Tarabokia , 429 NJ Super at 120; Costa v Gaccione , 408 NJ Super 362, 369-370 [App Div 2009]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2023